## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | Case No. 21-CR-30022-SPM |
| KEVIN M. KAHRIG, and CATHARINE A. KAHRIG | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is the Government's Motion in Limine to exclude the Defendants, Kevin Kahrig and Catharine Kahrig, from asserting an advice-of-counsel affirmative defense. (Doc. 63). The Defendants have not filed a response. For the reasons set forth below, the motion is granted.

### BACKGROUND

In February 2021, a grand jury returned a four-count indictment against the Defendants, charging Kevin Kahrig and Catharine Kahrig with bankruptcy fraud and structuring, and Kevin Kahrig with false bankruptcy declaration and false statement under oath in bankruptcy case. (Doc. 1). The Government has moved to prevent the Defendants from asserting the advice-of-counsel affirmative defense. (Doc. 63). There has been no response from either Kevin Kahrig or Catharine Kahrig regarding the Government's motion.

### ANALYSIS

It is well established that motions in limine are the proper way to streamline trials by settling evidentiary disputes in advance so as to not interrupt trials and confuse the jury with complex evidentiary issues. *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). In order for a "defendant to present an affirmative defense to the jury" the defendant's proffer must "meet the minimum standard as to each element of the defense." *Id.* at 967. The trial court "must accept as true the evidence proffered by the defendants" regarding the elements of the affirmative defense. *Id.* However, if the evidence proffered in response to the motion in limine does not meet the legal standard required, the affirmative defense is precluded at trial. *Id.* Further, the defendant must proffer evidence as to each and every element of an affirmative defense. *See United States v. Bailey*, 444 U.S. 394, 416 (1979).

There are five elements that the defendant needs to prove to establish the advice-of-counsel defense: "'(1) before taking action, (2) he in good faith sought the advice of an attorney whom he considered competent, (3) for the purpose of securing advice on the lawfulness of his possible future conduct, (4) and made a full and accurate report to his attorney of all material facts which the defendant knew, (5) and acted strictly in accordance with the advice of his attorney who had been given a full report.'" *United States v. Al-Shahin*, 474 F.3d 941, 947 (7th Cir. 2007); quoting *United States v. Cheek*, 3 F.3d 1057, 1061 (7th Cir. 1993).

Here, the Defendants have not responded to the Government's motion in limine and, as a result, they have not provided any evidence supporting a potential advice-

Page 2 of 3

of-counsel affirmative defense. Without this evidence, this Court has no choice but to grant the Government's motion in limine to preclude the Defendants from asserting an advice-of-counsel affirmative defense.

**CONCLUSION**

For the reasons stated above, this Court **GRANTS** the Government's Motion in Limine preventing the Defendants from raising the advice-of-counsel affirmative defense.

**IT IS SO ORDERED.**

**DATED:  July 12, 2022**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
